# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cleveland Butler, : 
                 Appellant :
                 :
           v. : No. 1616 C.D. 2016
                 : Submitted: February 3, 2017
Dauphin County District Attorney's :
Office :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION**
**BY JUDGE SIMPSON**               **FILED: June 13, 2017**

Cleveland Butler, an inmate at the State Correctional Institution at Frackville (Requester), appeals from an order of the Court of Common Pleas of Dauphin County (trial court)[1] upholding the final determination of the District Attorney of Dauphin County (DA Office) granting access to search warrants sought pursuant to the Right-to-Know Law (RTKL).[2] Although the DA Office initially denied access under the criminal investigative exception in Section 708(b)(16) of the RTKL, 65 P.S. §67.708(b)(16), the appeals officer reversed and directed disclosure. Nevertheless, Requester appealed to the trial court, challenging the completeness of the disclosure, and failure to certify under Section 904 of the RTKL, 65 P.S. §67.904. Requester also claims the trial judge erred in not recusing himself under the Code of Judicial Conduct. Discerning no error below, we affirm.

---

[1] The Honorable John F. Cherry presiding.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

# I. Background

On September 15, 2015, Requester submitted a request to the DA Office seeking: "**ALL** search warrants and inventory list issued under the Police Incident number 99-256 in the matter of Commonwealth v. Cleveland Butler, CP-22-0002929 and CP-22-CR-002930-1999." Certified Record (C.R.), Item No. 5, Ex. A (Request) (emphasis in original). In the Request, he specified certified copies. Id. The DA Office's open records officer denied access under the criminal investigative exception, Section 708(b)(16) of the RTKL, and the exception as to a minor's identity, Section 708(b)(30) of the RTKL, 65 P.S. §67.708(b)(30). Requester appealed.[3]

The appeals officer for the DA Office granted the appeal and directed disclosure. He concluded the search warrants and inventory lists were not criminal investigative materials, and were public under the Pennsylvania Rules of Criminal Procedure. Although Section 708(b)(30) of the RTKL protects a minor's name, the appeals officer explained redaction was unnecessary when she testified in open court. As a result, the DA Office disclosed responsive records; however, it did not certify them.

Nevertheless, Requester filed a petition for review in the trial court, asserting his entitlement to a certification of the records or other assurance of their completeness. He also complained the response did not explain how the records were obtained. In addition, he asked the trial court to issue a subpoena for additional responsive records.

---

[3] Requester initially appealed to the Office of Open Records, which transferred the matter to the appeals officer designated for the DA Office pursuant to Section 503(d)(2) of the RTKL, 65 P.S. §67.503(d)(2) (designating appeals officer as to law enforcement records).

The DA Office filed an answer to the petition, asserting it complied with its duties under the RTKL. The answer admitted the DA Office did not certify the records. C.R., Item No. 8, Answer at ¶6 ("this office does not 'certify' documents"). However, in the answer the DA Office affirmed that the copies of records disclosed represented "true copies of the documents [the deputy DA] found in the boxes [related to the 16-year old criminal case]." Id.

Ultimately, the trial court denied Requester's petition, concluding the DA Office met its obligations under the RTKL by providing copies of the records. The trial court noted that certification under Section 904 is not required under the RTKL, and may be obtained only after paying the appropriate fee under Section 1307(c) of the RTKL, 65 P.S. §67.1307(c). The trial court reasoned the DA Office was under no duty to provide an affidavit regarding the records provided. Tr. Ct., Slip Op., 7/7/16, at 4.

Requester filed a notice of appeal on August 7, 2016. He did not seek reconsideration of the trial court's order.

As directed by the trial court, Requester filed a concise statement of the errors complained of on appeal. Therein, he claimed the Honorable John F. Cherry (trial judge) erred in not recusing himself when he was the DA at the time of Requester's arrest, and so had significant involvement in the criminal case to which the Request related. He complains that by presiding over his RTKL appeal, the trial judge violated Requester's due process rights. Requester also contends the

3

investigating detective's failure to follow Pa. R.Crim.P. 209 denied public access to judicial records.

After noting that Requester did not raise or preserve any of the errors set forth in his Rule 1925(b) Statement, the trial court relied on its earlier opinion. See Tr. Ct., Slip Op., 10/31/16 (Rule 1925(a) Opinion).

## II. Discussion

On appeal,[4] Requester argues the trial court violated his constitutional due process rights when the trial judge served as a prosecutor for Requester's criminal case that is the subject of the Request. He also contends the DA Office did not comply with the RTKL because he was entitled to a certified copy of the records under Section 904 of the RTKL, 65 P.S. §67.904. He further asserts the DA Office had a duty to submit an affidavit *by the investigating detective* regarding the search conducted for responsive records, and the completeness of the disclosure.[5]

## A. Due Process & Disqualification

Requester challenges the process before the trial judge because he was the DA when the DA Office prosecuted his criminal case in 1999. He argues the trial judge should have disqualified himself from hearing the RTKL appeal under

---

[4] This Court's review of a decision of a court of common pleas in a RTKL appeal is limited to determining whether the trial court committed an error of law and whether its findings of fact were supported by substantial evidence. Paint Twp. v. Clark, 109 A.3d 796, 803 n.5 (Pa. Cmwlth. 2015).

[5] Requester's allegations as to the investigating detective's alleged violation of rules of criminal procedure as to the issuance, return and filing of the search warrants, are not before this Court as they are beyond the purview of the statutory appeal process under the RTKL.

4

Canon 2.11, Pennsylvania Rules of Judicial Conduct, based on his bias and personal involvement in the criminal case. The trial judge's failure to recuse himself denied Requester's due process rights.

First, we consider that this claim is waived for Requester's failure to bring it to the trial court's attention before filing his Rule 1925(b) Statement. Pursuant to Pa. R.A.P. 302(a), "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Id. Precedent construing Rule 302 confirms the waiver, clarifying "a 1925(b) Statement can therefore never be used to raise a claim in the first instance." Steiner v. Markel, 968 A.2d 1253, 1257 (Pa. 2009).

Regardless, at the outset, we recognize "the Code of Judicial Conduct does not have the force of substantive law, but imposes standards of conduct upon the judiciary to be referred to by a *judge* in his *self-assessment* of whether he should volunteer to recuse from a matter pending before him." Reilly by Reilly v. Se. Pa. Transp. Auth., 489 A.2d 1291, 1298 (Pa. 1985) (italics in original). Moreover, the rules do not confer standing on others like Requester, "to seek compliance or enforcement of the Code because its provisions merely set a norm of conduct for all our judges and do not impose substantive legal duties on them." Id.

There is no dispute that Requester did not raise this issue to the trial court; he did not file a recusal motion, or a motion for reconsideration. Nonetheless, Requester argues we should not consider the issue waived because he raised it at his earliest opportunity. The argument that a jurist's failure to recuse

5

himself constitutes a violation of procedural due process is predicated on a recent decision of the U.S. Supreme Court, Williams v. Pennsylvania, 136 S.Ct 1899 (2016), issued two days after the trial court issued its opinion.

In Williams, the U.S. Supreme Court considered the issue of recusal. Specifically, it analyzed whether there is an impermissible risk of actual bias that violates constitutional due process, when a jurist who had significant previous involvement as a prosecutor in a case then sits in judgment on that case. The Court held it was error for a sitting Justice of the Pennsylvania Supreme Court to deny a motion for recusal, and then participate in a decision to deny death penalty relief to a defendant when he was the district attorney who made major adversarial decisions as to that defendant. The crux of the Court's analysis was that a jurist who participates in prosecuting an action, and makes decisions in that regard, has a personal stake in the case that warrants his recusal from sitting in judgment on that criminal case.

Although this case is similar to Williams in that the trial judge also served as DA at the time of Requester's arrest, the similarities end there. First, as a matter of procedure, Williams did not implicate waiver. In Williams, the defendant filed a recusal motion, which was denied. Here, Requester did not file a recusal motion or motion for reconsideration to allow the trial judge to consider whether to recuse himself.

Second, as to the merits, Williams involved the appearance of actual bias because a former prosecutor was subsequently serving as a decision-maker in the same criminal case. Here, Requester is no longer a criminal defendant, and the

case before the trial judge is not a criminal case. Therefore, unlike <u>Williams</u>, there is not "an unconstitutional potential for bias … when the same person serves as both accuser and adjudicator in a case." <u>Id.</u> at 1905 (citation omitted). The trial judge here was not both prosecutor and adjudicator of Requester's criminal case.

Third, as to the context, the adjudication here is a statutory appeal under the RTKL, a civil proceeding on appeal from an agency decision. Again, unlike the Justice in <u>Williams</u>, the trial judge is not presiding over Requester's rights as a criminal defendant or his due process right to life or liberty. That Requester sought search warrants arising from a criminal investigation does not transform the civil proceeding into a criminal one.

The relevant principle from <u>Williams</u> is: "Where a judge has had earlier significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case, the risk of actual bias in the judicial proceeding rises to an unconstitutional level." <u>Id.</u> at 1910. Thus, the Court explained the dual role of the same individual at different times in the same case rose to an unconstitutional level. The dual role in the same criminal case is not present here.

Moreover, "[o]bviously, the party seeking a judge's recusal bears the burden of producing evidence of bias, unfairness or prejudice." <u>Cellucci v. Laurel Homeowners Ass'n</u>, 142 A.3d 1032, 1044 (Pa. Cmwlth. 2016) (party filed recusal petition and a motion for reconsideration). Thus, Requester bore the burden of alleging the trial judge was biased against him based on his prior role as DA in his

criminal case. The date the U.S. Supreme Court issued <u>Williams</u> did not affect Requester's awareness of operative facts showing bias or other recusal grounds.

Requester does not indicate that the trial judge here had an earlier interest in Requester's RTKL proceeding, which is the only proceeding before him. <u>Williams</u> is inapposite to a separate civil proceeding. Further, because there is no indication of actual bias by the trial judge, the circumstances here do not warrant a remand for a hearing by another jurist. Regardless, <u>Williams</u> offers no basis for excusing Requester's failure to raise the recusal issue before the trial judge. Thus, the issue is waived. Pa. R.A.P. 302; <u>Steiner</u>. Accordingly, we decline to remand.

**B. Certification Request**

Next, we consider Requester's claim that the DA Office did not certify the copies it provided in accordance with Section 904 of the RTKL.

Section 904 of the RTKL provides that "[i]f an agency's response grants a request for access, the agency shall, upon request, provide the requester with a certified copy of the record if the requester pays the applicable fees under [S]ection 1307." 65 P.S. §67.904. Section 1307(c) of the RTKL provides: "**Certification.** - An agency may impose reasonable fees for official certification of copies if the certification is at the behest of the requester and for the purpose of legally verifying the public record." 65 P.S. §67.1307(c).

Requester sought certified copies on the face of his Request. The DA Office admitted in its answer to the petition for review that it did not certify the

8

records because "this office does not 'certify' documents." C.R., Item No. 8, Answer ¶6. However, the DA Office affirmed that the copies sent to Requester were true copies of the records reviewed and contained in the boxes of responsive records. Id.

The trial court determined that Requester was not entitled to certified copies because he did not pay the applicable fee. Tr. Ct., Slip Op. at 4. However, that reasoning is problematic because it presupposes that the agency requested payment of a fee. In this case, the record does not reflect the DA Office asked for a fee; indeed, it denied access entirely. We agree with Requester that his request for certified copies may not be thwarted by an agency's neglect in sending an invoice or quoting a fee for the certification. Cf. Indiana Univ. of Pa. v. Loomis, 23 A.3d 1126 (Pa. Cmwlth. 2011) (agency may deny access and withhold copies when requester refused to pay third-party fees invoiced by agency).

There appear to be no reported appellate cases addressing certification under Section 904 of the RTKL, nor unreported cases from this Court. Complicating the matter, the disclosing agency here did not grant access until after ordered to do so by an appeals officer.

Construing the plain language of Section 904 of the RTKL, the certification follows the grant of access. See 1 Pa. C.S. §1903. This contemplates a potentially two-step process, one step being a challenge to the grant or denial of access, and the second step a challenge to the access provided. See, e.g., Buehl v. Dep't of Corr. (Pa. Cmwlth., No. 198 C.D. 2015, filed July 27, 2015) (unreported)

9

(right to challenge copying fee arose from grant of access; agency charge for blank pages is subject to appeal).

Here, we have the latter, where Requester challenged the access granted, *i.e.*, the lack of certification and alleged incompleteness of the records. The DA Office's duty to certify only arose when the appeals officer directed disclosure. In the event the DA Office intended to charge a fee for certification, it became the DA Office's responsibility to so advise Requester at that time.

To clarify, any agency may certify its records in accordance with Section 904. The RTKL does not define the term "certification." However, the Office of Open Records construes the term as used in Section 904[6] to mean "to authenticate." See Cwiek v. Phila. Dist. Attny.'s Office, OOR Dkt. AP 2015-2688 (filed December 28, 2016), 2016 Pa. O.O.R.D. LEXIS 1762, *14 (citing BLACK'S LAW DICTIONARY 10th ed.). "Certified copies" are "duplicates of an original (usu[ally] official) document, certified as an exact reproduction…." Id. This RTKL certification is equivalent to certifying copies for admission into evidence; stated differently, the agency is certifying as to the authenticity of the copies being provided. See Pa. R.E. 901(b)(7) (authenticating or identifying evidence about public records). Unless an agency specifies otherwise, the agency is not certifying the *content* of the records or the completeness of the response. See id.

---

[6] We afford deference to an implementing agency's interpretation of legislation. Winslow-Quattlebaum v. Md. Ins. Grp., 752 A.2d 878 (Pa. 2000).

10

Although we agree with the trial court's reasoning that a fee must be paid to trigger a duty to certify the records, Requester did not lose his entitlement to certified copies by the DA Office's neglect to request or charge a fee. Notwithstanding Requester's nonpayment of a certification fee, here, the DA Office affirmed the true and correct nature of the copies provided. That affirmation is the functional equivalent of a Section 904 certification, even in the absence of some form of the word "certification." In light of the limited decisional law regarding certification, the *timing* of DA Office's *de facto* certification is not a basis for finding the DA Office non-compliant.[7] Therefore, the trial court properly denied Requester's petition as to this issue.

## C. Affidavit

Lastly, we address Requester's argument that he is entitled to an affidavit from the DA Office, specifically the investigating officer, as to the completeness of the records he received. He challenges the completeness of the search warrants and inventory lists based on his understanding of the different warrants related to his arrest. He claims the DA Office is required to verify the completeness of these records, and whether any responsive records remain outstanding, because the investigating officer did not file these records with the magisterial district judge (MDJ).

Our Supreme Court presumes agencies "will act in good faith in discharging their statutory duties under the RTKL." Office of the Governor v.

---

[7] When an appeals officer grants access to records for which a requester seeks certification under Section 904 of the RTKL, 65 P.S. §67.904, an appeals officer may direct an agency to advise requester of the fee pursuant to Section 1307(c) of the RTKL, and certify the records when paid.

11

Donahue, 98 A.3d 1223, 1226 (Pa. 2014). Absent evidence of bad faith, the veracity of an agency's submissions is not reasonably questioned. Office of Governor v. Scolforo, 65 A.3d 1095 (Pa. Cmwlth. 2013).

"Affidavits are the means through which a governmental agency details the search it conducted for the documents requested and justifies nondisclosure of the requested documents under each exemption upon which it relied upon [sic]." Id. at 1103. An affidavit may also substantiate the non-existence of records. Moore v. Office of Open Records, 992 A.2d 907 (Pa. Cmwlth. 2010).

Requester suggests the investigating detective in his criminal case engaged in bad faith when he did not properly file the search warrants. Notably, Requester does not allege the DA Office's open records officer or appeals officer committed bad faith with respect to handling his Request.

Essentially, Requester seeks an affidavit from the *investigating detective* regarding the whereabouts of the search warrants and inventory lists that he believes may be missing or misfiled. Requester's allegations as to the impropriety of the investigating officer, and his alleged failure to file the search warrants as required by applicable law, are beyond the purview of the RTKL.[8] That the search warrants and inventory lists he requested from the DA Office

---

[8] We also reject Requester's contention that the investigating detective's failure to file and return the requested records, with *a judicial agency* are properly raised in this appeal, involving the Request to the *DA Office*. Moreover, a common law claim based on the public nature of judicial records is distinct from a statutory right of access under the RTKL. Faulk v. Phila. Clerk of Courts, 116 A.3d 1183 (Pa. Cmwlth. 2015).

12

should be in the MDJ's judicial records to which the public enjoys access is also not a failure of the DA Office.

As this Court recognized, "[t]he misfiling or misclassification of records is always a possibility. An agency is only required, however, to search for and provide the records which are requested." Hodges v. Dep't of Health, 29 A.3d 1190, 1193 (Pa. Cmwlth. 2011).

The DA Office disclosed the search warrants and inventory lists within its possession to Requester. It did so at no cost for copying. Further, an officer of the Court who performed the search of records in the DA Office attested as to the search he conducted. It is not incumbent on the DA Office to obtain records from another individual who is not part of the DA Office. Meguerian v. Office of Att'y Gen., 86 A.3d 924 (Pa. Cmwlth. 2013) (agency not required to obtain records from former agency employer). That exceeds an agency's duty to perform a good faith search for records. Breslin v. Dickinson Twp., 68 A.3d 49 (Pa. Cmwlth. 2013).

Therefore, we uphold the trial court's denial of Requester's petition for review based on the alleged refusal of the DA Office to provide an affidavit of the investigating officer verifying the completeness of the records.

For all the foregoing reasons, we affirm.

_____
ROBERT SIMPSON, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cleveland Butler,            :
                 Appellant     :
                             :
            v.            :    No. 1616 C.D. 2016
                             :
Dauphin County District Attorney's   :
Office                        :

## O R D E R

**AND NOW**, this 13th day of June, 2017, the order of the Court of Common Pleas of Dauphin County is **AFFIRMED**.

<br>
<br>

_____
ROBERT SIMPSON, Judge