# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Pittsburgh Water and Sewer   :
Authority   :
  : No. 195 C.D. 2022
      v.   : No. 196 C.D. 2022
  : ARGUED: May 23, 2024
William Towne,   :
      Appellant   :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE MATTHEW S. WOLF, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: July 23, 2024**

In these consolidated cases, William Towne appeals from an order of the Court of Common Pleas of Allegheny County affirming in part and reversing in part a final determination of the Office of Open Records (OOR). At issue in this long-running dispute is a request for records Towne submitted to the Pittsburgh Water and Sewer Authority (Authority) in 2020 pursuant to the Right-to-Know Law (RTKL).[1] For the reasons that follow, we affirm.

## I. Background

On March 11, 2019, the Authority sent an erroneous automated call "to a five-figure number of customers informing them that their water service may be shut off." Joint Stip., Finding of Fact No. 1, Reproduced Record (R.R.) at 742a (the shut-off call). Towne submitted his first RTKL request to the Authority in June 2019, seeking the following:

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

1. All contract documents, specifications, user manuals, work plans/orders, invoices, and evidences [sic] of payment related to the outbound call system(s) which facilitated shut[-]off notices and/or subsequent corrections on or about March 11, 2019, including such documents related to improvements, enhancements, fixes, and other alterations made or still to be made to the system(s).

2. Copies of the recordings played in the calls notifying customers of pending shut-off and if applicable, correction as of the morning of March 11, 2019, as well as any replacements for these recordings created on or after March 11, 2019.

3. Any internal reports related to the incident on or about March 11, 2019 involving unjustified pending shutoff calls.

4. Any e[]mails involving staff of [the Authority] and/or its agents containing content related to the incident on or about March 11, 2019 involving unjustified pending shut[-]off calls.

2019 Request, Reproduced Record (R.R.) at 30a. When the Authority failed to respond within five days the request was deemed denied, and Towne then appealed to OOR. Joint Stip., F.F. Nos. 3-4, R.R. at 742a; *see also* R.R. at 370a. In response to OOR's invitation to supplement the record, the Authority submitted a position statement, certain responsive records, and the affidavit of Julie Quigley, then its Director of Administration.[2] R.R. at 370a, 801a. While OOR requested that the Authority provide an exemption log, it failed to do so during the 2019 appeal. Joint Stip., F.F. Nos. 5-6, R.R. at 743a.

In August 2019, OOR issued a final determination (2019 final determination) granting in part and denying in part Towne's appeal of the

---

[2] Ms. Quigley's position with the Authority has changed several times throughout this litigation.

2

Authority's deemed denial. Joint Stip., F.F. No. 7, R.R. at 743a. Specifically, OOR determined that "the Authority has met its burden of proving that 'specifications, user manuals, and work plans/order[s]' responsive to Item 1 do not exist within [its] possession[,] control or custody, but has failed to prove that no other records responsive to Item 1 of the [2019 r]equest exist within the Authority's possession[,] control or custody." R.R. at 373a-74a. OOR further found that the Authority failed to prove that records responsive to Item 2 are not within its possession, custody, or control, and failed to prove that a portion of records responsive to Items 3 and 4 are exempt from disclosure. R.R. at 374a-79a. Given these determinations, the Authority was required to provide Towne with copies of the recordings played on March 11, 2019, as well as any replacement recordings created after that date; internal reports related to the shut-off call; and email communications and internal reports with only the home addresses of private citizens redacted. *Id.* Neither party appealed the 2019 final determination.

The Authority failed to comply with OOR's 2019 final determination; in fact, it did not provide any additional documents to Towne between the issuance of that determination and June 2020. R.R. at 773a. Rather than file a writ of mandamus to enforce the 2019 final determination, Towne submitted another RTKL request to the Authority in June 2020. *See* Joint Stip., F.F. No. 9, R.R. at 743a; *see also* R.R. at 804a. The 2020 Request seeks all records which the Authority was ordered to provide in the 2019 final determination. R.R. at 86a; *see also* Joint Stip., F.F. No. 10, R.R. at 743a. After invoking a 30-day extension, the Authority failed to respond and the 2020 Request was deemed denied. R.R. at 86a-87a.

Towne appealed to OOR which again invited the parties to supplement the record. R.R. at 87a. On August 19, 2020, the Authority submitted the affidavit

of Ms. Quigley as well as a position statement claiming that all responsive, non-exempt records had been provided to Towne except those to which OOR denied access in its 2019 final determination. R.R. at 87a, 801a. The position statement indicated the Authority's objection to producing any responsive documents subject to the attorney-client privilege or the work product doctrine but noted that the Authority had not withheld any responsive documents on those bases. R.R. at 16a. Moreover, the Authority indicated that it provided Towne with hundreds of responsive documents, some of which were unredacted and others with personal email addresses and financial information redacted. *Id.*

In September 2020, OOR issued the final determination at issue herein, granting in part, denying in part, and dismissing as moot in part Towne's appeal. Joint Stip., F.F. No. 12, R.R. at 743a; *see also* R.R. at 86a. OOR determined that the Authority was permitted to redact personal email addresses from the responsive records pursuant to Section 708(b)(6) of the RTKL, 65 P.S. § 67.708(b)(6),[3] and the names and home addresses of individuals pursuant to the constitutional right to privacy. R.R. at 89a-91a. However, OOR found that the Authority failed to meet its burden of proof as to redactions for other "personal/financial information" as these redactions were unexplained. R.R. at 89a-90a. OOR further held that "the Authority has established that it has provided all responsive records within its possession, custody, and control." R.R. at 92a. Given the above, the Authority was

---

[3] More specifically, Section 708(b)(6)(i)(A) of the RTKL provides that certain personal identification information, including personal email addresses, is exempt from access by a requester. 65 P.S. § 67.708(b)(6)(i)(A).

required to provide Towne with the responsive records without the redactions pertaining to other "personal/financial information." *Id.*[4]

In October 2020, both parties filed timely petitions for review with the trial court. Joint Stip., F.F. Nos. 13-14, R.R. at 743a. Towne's petition for review asserted that OOR erred by not finding that the Authority acted in bad faith by failing to comply with the 2019 final determination. R.R. at 362a-65a. Towne also requested that the trial court award him "the maximum $1,500 penalty authorized pursuant to [Section 1305 of the RTKL,] 65 P.S. § 67.1305,"[5] for the Authority's bad faith denial of access to public records, as well as "reasonable counsel fees and costs pursuant to [Section 1304 of the RTKL,] 65 P.S. § 67.1304."[6] R.R. at 367a. The trial court consolidated the two cases, and the parties stipulated to the admission of exhibits and records for *in camera* review. Joint Stip., F.F. Nos. 15-17, R.R. at 744a. On April 19, 2021, the trial court conducted a hearing at which Ms. Quigley testified for the Authority, and the parties subsequently submitted proposed findings of fact and conclusions of law.

On February 2, 2022, the trial court entered the order at issue here affirming in part and reversing in part OOR's 2020 final determination.[7] Specifically, the trial court order states that the Authority's petition for review

---

[4] The Authority provided Towne with additional responsive records during the pendency of the 2020 appeal to OOR. As such, the 2020 final determination found Towne's appeal moot to the extent that it sought access to the additional records provided on appeal. R.R. at 89a.

[5] In particular, Section 1305(a) of the RTKL provides that "[a] court may impose a civil penalty of not more than $1,500 if an agency denied access to a public record in bad faith." 65 P.S. § 67.1305(a).

[6] As Section 1304 of the RTKL provides, a "court may award reasonable attorney fees and costs of litigation" in certain circumstances, including where the legal challenge was frivolous or upon reversal of an agency determination, provided other criteria are met. 65 P.S. § 67.1304.

[7] The trial court entered a single order disposing of both parties' petitions for review.

is granted, except as provided herein:

(1) Upon review of the privilege log submitted by [the Authority] and an *in camera* review of the subject records, I find that all records except those designated log numbers 5, 10, and 21 contain privileged attorney-client communications. [The Authority] shall provide a copy of these [3] records to [] Towne within 30 days.

(2) The certification of the records provided to [] Towne is deficient, as it does not apply to records provided after certification and does not contain sufficient information. . . . [The Authority] shall provide, within 30 days, certification of all records provided to [] Towne in the format (to the degree applicable) of the certification used by [] OOR in its certification dated January 11, 2021. . . . .

(3) Information relating to governmental entities, businesses, non-profits, educational institutions and similar entities is not exempt under applicable law. For all documents provided in redacted form to [] Towne, [the Authority] shall, within 30 days, re-provide those documents with only the following redactions:

(a) The financial account numbers of any entity or private individual; and

(b) The names, email addresses, phone numbers, and home addresses of private individuals, even if those individuals communicated with [the Authority] on behalf of an above-referenced entity.

The [p]etition for [r]eview filed by [] Towne is otherwise denied.

R.R. at 995a-96a.

Notably, the trial court found that the Authority did not provide certain responsive documents to Towne until after the trial court's April 2021 hearing,

6

including recordings of the shut-off call, a redacted call log report, and redactions the Authority agreed to withdraw by February 25, 2021. R.R. at 778a. However, the trial court also determined that the Authority "conducted a good faith search of its records, as defined by the RTKL, to determine the existence and potential exemption of, such records." R.R. at 808a. Moreover, it held that the exemptions asserted and redactions made by the Authority "in response to the Request were based upon a reasonable interpretation of the law and of the scope of the Request." R.R. at 809a. Ultimately, the trial court declined to find that the Authority acted in bad faith, or to award penalties or fees in this matter. Towne then appealed to this Court.

## II. Related RTKL Request and Mandamus Action

In December 2020, while the parties' appeals to the trial court were pending, Towne submitted yet another RTKL request to the Authority.[8] This request concerned, *inter alia*, whether the Authority had in fact provided Towne with links to responsive documents in the underlying matter here, as it claimed to have done through emails to Towne and his counsel. *See* R.R. at 746a. After invoking a 30-day extension, the Authority granted in part and denied in part the request and provided Towne with responsive records. Towne appealed and in March 2021, OOR issued a final determination granting in part, denying in part, and dismissing as moot in part the request. *See Towne v. Pittsburgh Water & Sewer Auth.* (OOR Dkt. No. AP 2021-0292, issued Mar. 11, 2021) (2021 final determination). Notably, OOR

---

[8] Towne also filed a formal complaint against the Authority with the Pennsylvania Public Utility Commission (PUC) regarding the shut-off call, in which he "requested compensation for lost work, legal fees, service restoration fees and other related costs[,]" as well as a civil penalty. *See Towne v. Pittsburgh Water & Sewer Auth.* (PUC Dkt. No. C-2019-3008437, filed Dec. 8, 2020) (denying the formal complaint); R.R. at 340a.

7

found that the Authority acted in bad faith with respect to *this particular request* and its search for responsive records. *Id.*, at 10-11.

Neither party appealed, and the Authority failed to fully comply with the 2021 final determination. Therefore, in September 2021, Towne filed with the trial court a complaint in mandamus seeking to enforce the 2021 final determination and requesting fees, costs, and penalties pursuant to Sections 1304 and 1305 of the RTKL, 65 P.S. §§ 67.1304 and 67.1305. *See Towne v. Pittsburgh Water & Sewer Auth.* (C.C.P. Allegheny Cnty., No. GD-21-010514).[9] On November 21, 2023, the trial court issued an order finding that while the Authority complied with the 2021 final determination as of September 5, 2023, the Authority acted in bad faith regarding this particular RTKL request and the mandamus action. *Id.* The trial court awarded Towne attorney's fees and costs in the amount of $32,754.31,[10] but ruled the Authority's actions "were not sufficiently egregious to warrant penalties under the RTKL[.]" *Id.*

### III. Issues

Towne raises four issues for this Court's consideration: (1) whether the trial court erred in allowing the Authority to rely on allegedly new grounds for disputing the public nature of the records responsive to the 2020 Request; (2) whether the trial court erred by finding that the Authority established that no further responsive records exist and by not requiring production of additional responsive records in as close to their original form as possible; (3) whether the trial court erred

---

[9] The trial court docket for this related matter is publicly available at https://dcr.alleghenycounty.us/Civil/View/PublicSearchByCaseNumber.aspx?CasID=GD-21-010514 (last visited July 22, 2024).

[10] It is evident from the trial court docket that the Authority has since paid Towne the $32,754.31 that was awarded. *See Towne v. Pittsburgh Water & Sewer Auth.* (C.C.P. Allegheny Cnty., No. GD-21-010514, Towne's Ltr. filed Mar. 27, 2024).

in declining to award counsel fees and penalties under Sections 1304 and 1305 of the RTKL, 65 P.S. §§ 67.1304 and 67.1305; and (4) whether the trial court erred by refusing to consider evidence of the Authority's bad faith conduct as found by OOR in its 2021 final determination.

## IV. Discussion

Regarding the first issue, Towne argues that the 2020 Request only sought records OOR found were public in its 2019 final determination. Because that determination was not appealed by any party it is binding and the doctrines of collateral estoppel and *res judicata* prevent the Authority from re-litigating the public nature of the responsive records. However, this issue is waived because Towne failed to raise it in his petition for review to the trial court. *See* R.R. at 351a-68a. It is well established that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also Butler v. Dauphin Cnty. Dist. Att'y's Off.*, 163 A.3d 1139, 1143 (Pa. Cmwlth. 2017) (holding, in RTKL context, that requester's failure to bring due process claim to trial court's attention before filing Pa.R.A.P. 1925(b) statement resulted in waiver). Moreover, "mandamus is the action to file where the requester has not appealed the final determination to a court for a merits review and seeks compliance with a final determination of [OOR]." *Capinski v. Upper Pottsgrove Twp.*, 164 A.3d 601, 609 (Pa. Cmwlth. 2017). Towne cannot complain about "re-litigating" this matter when he submitted a new RTKL request to OOR, rather than a mandamus action in the trial court to enforce the 2019 final determination. *See Capinski*; *see also Scott v. Del. Valley Reg'l Plan. Comm'n*, 56 A.3d 40, 44 (Pa. Cmwlth. 2012) (rejecting requester's collateral estoppel argument because "decisions of administrative boards

9

or tribunals have no precedential value on this Court" and, therefore, Court was not bound by OOR's decision).

Towne also maintains that the Authority's failure to raise the argument that certain responsive records are protected by the attorney-client privilege until the eve of the evidentiary hearing before the trial court results in waiver. This argument lacks merit as the Authority's August 2020 position statement to OOR explicitly states: "Additionally, the [Authority] objects to producing any documents subject to the attorney-client privilege, the attorney work product doctrine[,] and any other applicable privilege." R.R. at 16a. The fact that the Authority, at that time, had not withheld any responsive documents based upon these privileges is of no moment. Because the Authority raised the privileges with OOR at this early juncture – and continued to assert them throughout the trial court appeal, including providing a privilege log and submitting potentially privileged material for *in camera* review – this means the privileges were properly preserved with respect to after-discovered records. *Chambersburg Area Sch. Dist. v. Dorsey*, 97 A.3d 1281, 1288 (Pa. Cmwlth. 2014).

Towne next argues that the Authority did not meet its burden of establishing that additional responsive records do not exist. He maintains that, based upon the facts accepted by the trial court, it was an error of law to conclude that the Authority met its burden. This argument is specious. It ignores the reality that the trial court, as fact finder,[11] credited the affidavit and testimony of Ms. Quigley with

---

[11] When a request for records under the RTKL is submitted to a local agency, such as the Authority here, the trial court "is the 'Chapter 13' court and reviews the determination issued by OOR with a *de novo* standard and a plenary scope; the [trial court] may substitute its own findings of fact for that of the agency or rely upon the record created below." *Off. of the Dist. Att'y of Phila. v. Bagwell*, 155 A.3d 1119, 1123 n.3 (Pa. Cmwlth. 2017) [citing *Bowling v. Off. of Open Recs.*, 75 A.3d 453, 477 (Pa. 2013)]. Here, the trial court issued its own findings of fact and conclusions of law.

respect to the Authority's record-keeping and its search for responsive records in this matter, including her statements that certain documentation did not exist because matters were conducted via in-person and telephone communications and meetings rather than through email or written reports. *See* R.R. at 801a-08a. Further, the Authority's search included not just conducting keyword searches, as Towne suggests, but reaching out to custodians of potentially responsive records, including third-party vendors, and conducting a systematic search of its own records and those of its contractors. R.R. at 802a-03a. To the extent Towne asks this Court to overturn the credibility determinations of the trial court on this issue, we discern no reason to do so. *See Borough of Pottstown v. Suber-Aponte* (Pa. Cmwlth., Nos. 1416 & 1417 C.D. 2019, filed Mar. 19, 2021) (noting, in RTKL appeal, that "[t]his Court . . . cannot upset the trial court's credibility determinations or reweigh the evidence to reach a finding contrary to the trial court"); *see also Taylor v. Dep't of Corr.* (Pa. Cmwlth., No. 842 C.D. 2014, filed Dec. 30, 2014) (same).[12] In sum, the record simply does not support Towne's bald assertion that the Authority remains in possession of responsive, non-exempt, and non-privileged records that have yet to be produced.[13]

Next, Towne argues that the trial court erred in not requiring the Authority to produce the records responsive to Item 3 of the Request in as close to their original form as possible. Towne does not dispute that he was provided with

---

[12] These unreported panel decisions of this Court are cited for their persuasive value pursuant to Pa.R.A.P. 126(b)(1)-(2) and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[13] We also note that when counsel for Towne was asked during oral argument what remained for this Court to decide, he did not mention the production of any additional records. Rather, counsel stated that the remaining issues are whether penalties and fees should have been awarded, and whether the privilege issue has been waived.

11

the responsive records, nor does he claim that he is entitled to the information redacted from those records. Instead, he complains that the Authority provided the information "as two non-mergeable lists of calls produced in non-searchable PDF format," and that he is entitled to the information in "Comma Separate Values format which is mergeable and analyzable across the multiple relevant files[.]" Towne's Br. at 28 (citing R.R. at 778a). Towne asserts that "[t]here is readily available technology that allows these types of files to be verifiably-privately and securely redacted in this manner." *Id.*

Section 705 of the RTKL provides that "an agency shall not be required to create a record which does not currently exist or to compile, maintain, *format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record.*" 65 P.S. § 67.705 (emphasis added). In considering this provision, this Court has held that "[a]n agency need only provide the information in the manner in which it currently exists." *Dep't of Env't Prot. v. Cole*, 52 A.3d 541, 547 (Pa. Cmwlth. 2012). In addition, while "an agency can be required to draw information from a database, . . . the information must be drawn in formats available to the agency." *Id.* [discussing *Gingrich v. Pa. Game Comm'n* (Pa. Cmwlth., No. 1254 C.D. 2011, filed Jan. 12, 2012)]. *See also Ctr. for Investigative Reporting v. Pa. Dep't of Health* (Pa. Cmwlth., No. 227 C.D. 2023, filed June 5, 2024), slip op. at 18 (noting this Court has "long held that an agency is not required to manipulate or reorganize existing data when responding to a records request"). Here, the Authority provided Towne with the responsive information from its records, with redactions. Towne does not allege that he is entitled to additional information or challenge the redactions; rather, he simply complains about the format in which the records were provided. We discern no error in the trial

12

court's decision as the Authority is not required to manipulate its data by utilizing additional technology to create a format preferable to Towne.

Finally, Towne maintains that the trial court erred by failing to award him attorney fees, costs, and penalties pursuant to Sections 1304 and 1305 of the RTKL. In support of this argument, Towne points to OOR's finding in its 2021 final determination that the Authority acted in bad faith, arguing that the trial court in the underlying matter erred by failing to consider evidence thereof. In essence, Towne argues that the Authority's bad faith response in the separate but related matter mandates a similar finding here. We disagree in both respects.

As indicated above, Section 1305(a) of the RTKL states that "[a] court may impose a civil penalty of not more than $1,500 if an agency denied access to a public record in bad faith." 65 P.S. § 67.1305(a).[14] In addition, Section 1304(a) provides certain circumstances under which a court may award reasonable attorney fees and costs, including upon reversal of an agency determination where the court finds that the agency acted in bad faith. 65 P.S. § 67.1304(a). In the RTKL context, "intent to wrongfully withhold disclosure is not required for a finding of bad faith and [] an agency's failure to provide an adequate response to a request *may* be the basis for such a finding." *Brunermer v. Apollo Borough* (Pa. Cmwlth., No. 661 C.D. 2021, filed July 28, 2022), slip op. at 11 (emphasis in original) [citing *Uniontown Newspapers, Inc. v. Pa. Dep't of Corr.*, 185 A.3d 1161, 1175-76 (Pa. Cmwlth. 2018), *aff'd*, 243 A.3d 19 (Pa. 2020)]. However, it is important to reiterate that the trial

---

[14] In his brief to this Court, Towne argues that he should be awarded a civil penalty under Section 1305(a) of the RTKL of $1,500 on a *per record basis* due to the Authority's purported bad faith denial of access to public records. *See* Towne's Br. at 46-49. Yet in his petition for review to the trial court, Towne specifically requested that he be awarded "the maximum $1,500 penalty authorized pursuant to [Section 1305 of the RTKL,]" with no claim that the penalty be awarded on a per record basis. R.R. at 367a. Again, Towne cannot raise issues for the first time on appeal to this Court. Pa.R.A.P. 302(a); *Butler*.

court is the finder of fact here, and as the reviewing court we must uphold its conclusion regarding bad faith unless that conclusion is legally erroneous or unsupported by substantial evidence of record. *Off. of the Dist. Att'y of Phila. v. Bagwell*, 155 A.3d 1119, 1123 n.3. (Pa. Cmwlth. 2017) [citing *Twp. of Worcester v. Off. of Open Recs.*, 129 A.3d 44, 49 n.2 (Pa. Cmwlth. 2016)].

Here, the trial court conducted an evidentiary hearing, developed a comprehensive record, and thoroughly reviewed the complicated procedural posture of this case. While the trial court noted the shortcomings of the Authority's response, it also acknowledged the extensive amount of documents which *were* produced and credited the testimony of Ms. Quigley regarding the Authority's search. The trial court also determined that the exemptions asserted and redactions made by the Authority were based upon a reasonable interpretation of the law. This is not a case where the local agency based its denial of access to records on the identity of the requester and the presumed use of the requested records, *see Bagwell*, or where the agency failed to perform a search of its records until the matter was in post-OOR litigation, *see Uniontown Newspapers*.[15] Simply put, there is substantial evidence of record to support the trial court's factual findings in this regard as well as the ultimate determination that the Authority did not act in bad faith.

Moreover, OOR's 2021 final determination is not at issue here. That determination involved a separate request, one which post-dates the 2020 Request that is at issue before us. Towne also chose to pursue enforcement of the 2021 final determination through a mandamus action, which has since concluded. The trial

_____

[15] We note that while the Authority could have handled the 2020 Request more efficiently and effectively, both parties bear some responsibility for extending and complicating this litigation. For example, Towne chose to submit a new RTKL request to the Authority rather than seek to enforce the 2019 final determination through a mandamus action and his arguments have changed somewhat at the various levels of review.

court simply was not bound by a finding of bad faith in a different RTKL appeal and did not err in determining that it had no bearing on this matter.

## V. Conclusion

In sum, we find that Towne's arguments which have been properly preserved for appeal lack merit. Accordingly, we affirm the trial court.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Pittsburgh Water and Sewer    :
Authority    :
    :   No. 195 C.D. 2022
        v.    :   No. 196 C.D. 2022
    :
William Towne,    :
          Appellant    :

## **O R D E R**

AND NOW, this 23rd day of July, 2024, the order of the Court of Common Pleas of Allegheny County in the above-captioned consolidated matters is AFFIRMED.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita