IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Lynch,                     :
          Petitioner       :
                            :
        v.                  :    No. 1683 C.D. 2024
                            :
Office of Attorney General,   :    Submitted: March 3, 2026
          Respondent   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE STELLA M. TSAI, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                  FILED: April 16, 2026

Joseph Lynch (Requester) petitions, *pro se*, for review of the November 21, 2024 final determination of the Office of Attorney General's (OAG) Appeals Officer, which denied his appeal under the Right-to-Know Law (RTKL).[1] By denying the appeal, the OAG Appeals Officer affirmed the denial of Requester's request (Request) for information related to a possible OAG investigation of Haverford Township issued by OAG's RTKL Officer, Sharon K. Maitland (RTKL Officer Maitland). Because OAG has established that the records requested do not exist, we affirm.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

## Facts and Procedural History

The facts of this case are as follows.  On September 9, 2024, Requester submitted an RTKL request to OAG[2] seeking the following:

> Confirmation or Denial of Investigation:
> Any records, documents, or communications that confirm or deny whether the Attorney General's Office is currently conducting, or has conducted, an investigation into Haverford Township.
>
> Details of Investigation:
> If an investigation exists, please include any records or documents that describe the nature, scope, or status of the investigation.  This includes, but is not limited to, correspondence, reports, or official communications related to the investigation.
>
> Exemptions:
> If any records are withheld or not disclosed, please provide a detailed explanation for each exemption claimed under the [RTKL].  This should include the specific section of the RTKL under which the exemption is claimed and the reason for its applicability.

(Reproduced Record (R.R.) at  13) (Request).[3]

On October 16, 2024, after invoking a 30-day extension of time to respond to the Request, RTKL Officer Maitland sent a final response letter to Requester denying the Request.  *Id.* at 14-16.  The final response letter stated that

---

[2] OAG is a Commonwealth agency as defined by the RTKL.  Section 102 of the RTKL, 65 P.S. § 67.102.

[3] Because the reproduced record in this matter was submitted electronically and was not paginated, the page numbers referenced in this opinion relating to the reproduced record reflect electronic pagination.

"[a] full and complete search pursuant to the requirements of the RTKL was conducted." *Id.* at 15. It then stated:

> [I]t has been determined that the requested information— records pertaining to an investigation into "Haverford Township," . . . does not exist as a record of this agency and we are not required to create a record that does not exist. 65 P.S. § 67.705. *Moore v. Office of Open Records*, 992 A.2d 907 (Pa. Cmwlth. 2010).

*Id.*

On October 22, 2024, Requester appealed RTKL Officer Maitland's denial of his Request to the OAG Appeals Officer. *Id.* at 44-47. The OAG Appeals Officer acknowledged Requester's appeal by letter emailed on October 25, 2024, and invited both parties to supplement the record. (Certified Record (C.R.) at 48, 65.) On November 1, 2024, RTKL Officer Maitland submitted a letter brief and two affidavits made under the penalty of perjury in support of her position that she had conducted a good faith search for the requested records and found they did not exist. *Id.* at 39-42.

RTKL Officer Maitland submitted her own affidavit and the affidavit of Supervisory Special Agent Christopher L. Weaver (Special Agent Weaver). (R.R. at 38-43.) In her affidavit, RTKL Officer Maitland attested as follows:

A. PERSONAL BACKGROUND

. . . .

3. Part of my duties as the [RTKL] Officer include: (1) tracking all incoming [RTKL] requests, (2) responding in a timely matter to all [RTKL] requests and (3) researching any [RTKL] issues.

B. LYNCH, JOSEPH RTK REQUEST # 2024-217

4. On September 9, 2024, the [RTKL] office received and reviewed [Requester's] [RTKL] request #2024-217.

5. Based on my review, I determined that [Requester] was asking for records concerning an investigation of Haverford Township.

6. On September 20, 2024, I contacted the appropriate record keepers in the Criminal Law Division ("CLD") and the Public Protection Division ("PPD") and asked them to conduct a search for any records that may be responsive to the request filed by [Requester].

7. That same day, I received an email from both the CLD and PPD, wherein the record keepers of the Divisions indicated that no records existed regarding an investigation of Haverford Township. I informed [Requester], via final response letter dated October 16, 2024, that the OAG did not possess the records he sought.

8. Upon receiving [Requester's] appeal, I reached out to [Special Agent Weaver] because [Requester's] appeal referenced being in contact with him.

9. [Special Agent Weaver] provided me with a breakdown of the complaints filed by [Requester] and the communications between the OAG and [Requester] as more fully detailed in his affidavit and submission.

10. Essentially, [Requester's] complaints are regarding his personal interactions with Haverford Township including a citation and subsequent arrest.

11. The issues [Requester] outlined in his complaints are not issues that the OAG would have jurisdiction to investigate.

12. [Special Agent Weaver] relayed to me that, as a result, there is no investigation of Haverford Township.

4

C.    Conclusion

13. As a result, there are no records related to an investigation of Haverford Township maintained by the Office of Attorney General.

(R.R. at 41-43) (Maitland Affidavit).

In his affidavit, Special Agent Weaver attested as follows:

A.    Employment Background

. . . .

2. I was asked to assist with OAG's response to the appeal of request #2024-217.

B.    Review of Joseph Lynch's appeal #2024-217

. . . .

3. I provided [RTKL Officer Maitland] with the information that I have concerning [Requester] and Haverford Township as more fully detailed below.

4. The OAG requested that I look into certain Facebook comments made by [Requester], which referenced the Attorney General. I determined that [Requester] and his father have an ongoing dispute with Haverford Township.

5. [Requester's] Facebook criticized the Attorney General for failing to investigate his complaints about Haverford Township. I reviewed [Requester's] complaints; the entire matter involves the Township's code enforcement and the issuance of a summary citation to [Requester] over landscaping.

6. The core of [Requester]'s complaints involve this summary citation, and a subsequent felony arrest. Both matters are active in the courts; **they are not issues over which the OAG has jurisdiction.**

5

7. I also learned that the OAG's Civil Rights Enforcement Section ("CRES"), located within the [PPD], adequately responded to [Requester]'s multiple complaints by providing him with information on how to contact the relevant federal authorities. I then contacted [Requester] by phone, to advise him that our office had responded, repeating the same information already provided by CRES.

8. Recently, [Requester] began texting my work cell requesting confirmation of an investigation into Haverford Township. I have not responded to [Requester's] text messages.

C. Conclusion

1. As a result, the OAG does not have an investigation into Haverford Township.

(R.R. at 38-40) (Weaver Affidavit) (emphasis added).

On November 21, 2024, the OAG Appeals Officer issued a final determination denying Requester's appeal. *Id.* at 48-52. The OAG Appeals Officer agreed with RTKL Officer Maitland that she had conducted a good faith search for records and that no records exist with respect to the Request. He stated that,

[h]ere [RTKL Officer Maitland] has carried her burden by providing the affidavit of [Special Agent Weaver], who confirms that the OAG is not investigating Haverford Township and, therefore, no records exist pertaining to such an investigation. As such, the RTKL Officer's Response to the Request was correct to conclude no responsive records existed. (footnote omitted.)

(R.R. at 51-52.)

In a footnote to the above, the OAG Appeals Officer further stated,

[t]he [Requester's] arguments that [RTKL Officer Maitland's] response and investigation were inadequate,

6

inconsistent, misleading, and/or lacking legal justification, are unpersuasive.

First, [RTKL Officer Maitland's] investigation was not inadequate simply because she did not reproduce [Requester's] emails, text messages, and social media posts. These items are non-responsive to the RTKL Request because they do not confirm/deny whether OAG investigated Haverford Township, nor are they a part of a non-existent investigation.

Second, [RTKL Officer Maitland] engaged in a good faith effort to obtain the appropriate documentation to the extent it existed. On September 20, 2024, she contacted the appropriate record keepers in the [CLD] and the [PPD] and asked them to conduct a search for any records that may be responsive to the request. (*See* Appeals Submission Exhibit 4 ¶ 6). The Divisions indicated that no responsive records existed. (*Id.* ¶ 7). Then, after receiving [Requester's] Appeal, she reached out to [Special Agent Weaver], because [Requester's] Appeal referenced being in contact with him. (*Id.* ¶ 8). **[Special Agent Weaver] explained that [Requester's] underlying allegations were not of the kind the OAG would have jurisdiction to investigate and, therefore, there was no investigation.** (*Id.* ¶¶ 9-12).

For these reasons, this RTKL Appeals Officer concludes that [Requester] has not demonstrated any issues with the investigation sufficient to sustain his Appeal of [RTKL Officer Maitland's] Response.

*Id.* at 52 (emphasis added). Accordingly, the appeal was denied. *Id.* at 51-52. This petition for review followed.

## Discussion

On appeal to this Court,[4] Requester challenges the OAG Appeals Officer's determination which found that the OAG possessed no records responsive to his Request, and he questions the veracity of RTKL Officer Maitland's final response letter which asserted that OAG conducted a good faith search for the requested records.[5] Specifically, he argues that OAG has not met its burden of proving that no records responsive to his Request exist, "as it provided only a **vague affidavit** without demonstrating a thorough and reasonable search for records." (Requester's Br. at 3 (unpaginated)) (emphasis in original). Requester next argues that the Maitland Affidavit and the Weaver Affidavit are contradictory because "[t]he affidavit of [Special Agent Weaver] suggests the existence of records that were not disclosed to [Requester]." (Requester's Br. at 2) (unpaginated.) He explains that "[s]pecifically, [the Weaver Affidavit] implies that there may be **internal communications** or **records** not disclosed. This contradicts the claim that no records exist." *Id.* at 3 (unpaginated) (emphasis in original). We have carefully considered Requester's arguments and find them to be without merit.

The objective of the RTKL "is to empower citizens by affording them access to information concerning the activities of their government." *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029, 1042 (Pa. 2012). OAG is a Commonwealth agency subject to the RTKL and it is required to disclose public records. Section 301 of the RTKL, 65 P.S. § 67.301. Pursuant to section 305 of the RTKL, a record

---

[4] "This Court exercises a *de novo* review of appeals officers' decisions [under the RTKL] pertaining to Commonwealth agencies." *Meguerian v. Office of the Attorney General*, 86 A.3d 924, 927 n.4. (Pa. Cmwlth. 2013). The scope of review for a question of law under the RTKL is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453 (Pa. 2013).

[5] We have restated and consolidated the issues raised in Requester's brief for clarity and ease of analysis.

in the possession of a Commonwealth agency is presumed to be a public record, unless: the record is exempt under section 708 of the RTKL; the record is protected by a privilege; or the record is exempt from disclosure under any other federal or state law or regulation or judicial order. Section 305 of the RTKL, 65 P.S. § 67.305.

When an agency receives an RTKL request, it must "make a good faith effort to determine whether it has possession, custody[,] or control of the identified record." *Smith Butz, LLC v. Pennsylvania Department of Environmental Protection*, 142 A.3d 941, 945 (Pa. Cmwlth. 2016) (internal quotations and citation omitted). Section 502(b)(1) of the RTKL provides that "[t]he open-records officer shall receive requests submitted to the agency under this act, direct requests to other appropriate persons within the agency or to appropriate persons in another agency, track the agency's progress in responding to the request and issue interim and final responses under this act." 65 P.S. § 67.502(b)(1).

Where, as here, an agency determines that it does not possess responsive records, it "bears the burden of demonstrating that it has reasonably searched its records to establish that a record does not exist." *Department of Labor and Industry v. Earley*, 126 A.3d 355, 357 (Pa. Cmwlth. 2015). The agency may carry its burden "with either an unsworn attestation by the person who searched for the record or a sworn affidavit of nonexistence of the record." *Hodges v. Pennsylvania Department of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011). In the absence of competent evidence that the agency acted in bad faith or that the records exist, averments in an agency affidavit should be accepted as true. *Smith Butz, LLC*, 142 A.3d at 945 (citation omitted).

Based on the evidence of record, we agree with the finding of the OAG Appeals Officer that in this case, RTKL Officer Maitland met her burden of demonstrating, by a preponderance of the evidence, that she had made a thorough and reasonable search for records and that no responsive records exist. The Maitland

9

Affidavit, which sets forth her multiple inquiries, is specific and not vague and does not conflict with the Weaver Affidavit in any manner. Specifically, the Maitland Affidavit establishes that upon receiving the Request, she contacted appropriate record keepers in the CLD and PPD to determine whether the office had in its possession any records responsive to the Request. (Maitland Aff., ¶ 6; R.R. at 41.) On September 20, 2024, record keepers from both divisions responded that no records existed regarding an investigation of Haverford Township. *Id.*, ¶ 7.

RTKL Officer Maitland relayed this information to the Requester and after she received Requester's Appeal, she investigated even further, specifically reaching out to Special Agent Weaver in response to Requester's allegation that Special Agent Weaver must have records because the two had discussions concerning whether OAG had received Requester's formal complaints regarding the Township. (R.R. at 42, 44.) RTKL Officer Maitland learned from Special Agent Weaver that [Requester's] complaints against the Township related to issues that **the OAG did not have jurisdiction to investigate and therefore, OAG had no records of any investigation of Haverford Township**. (Maitland Aff., ¶¶ 6, 7, 8, 9, 10, 11.) Based on her multiple inquiries, she concluded that there were no records maintained by the OAG related to any investigation of Haverford Township. (Maitland Aff., ¶¶ 12, 13.) RTKL Officer Maitland's investigation was thorough and complete. There was nothing "vague" about her Affidavit. She contacted the appropriate divisions of OAG to discover if there were records of an investigation into Haverford Township, and then she followed up by contacting the individual identified by Requester to determine if he had responsive records. Once she learned that OAG had no jurisdiction to investigate the Township, and this was why no records existed, there was no reason for her to conduct any further inquiries.

We also disagree with Requester that the Maitland Affidavit and the Weaver Affidavit are contradictory. Although Special Agent Weaver's Affidavit

10

mentions Requester's Facebook complaints and comments regarding the Township, those documents are not related to an investigation of Haverford Township by the OAG. As noted by the OAG Appeals Officer, the items mentioned by Special Agent Weaver "are non-responsive to the RTKL Request because they do not confirm/deny whether OAG investigated Haverford Township, nor are they part of a non-existent investigation." (R.R. at 52 n.4.) RTKL Officer Maitland's affidavit, which confirms that "there are no records related to an investigation of Haverford Township maintained by the Office of Attorney General," is entirely consistent with Special Agent Weaver's affidavit.

Affidavits are sufficient to prove the non-existence of RTKL records. *Butler v. Dauphin County District Attorney's Office*, 163 A.3d 1139, 1146 (Pa. Cmwlth. 2017). We have held that "[f]or an affidavit to be sufficient to meet an agency's burden of proving a record's non[-]existence, the affidavit must be detailed, nonconclusory, and submitted in good faith." *Anand v. Pennsylvania Insurance Department*, 329 A.3d 1, 14 (Pa. Cmwlth. 2024) (quotation omitted). "Absent evidence of bad faith, the veracity of an agency's submissions is not reasonably questioned." *Butler*, 163 A.3d at 1146 (citation omitted). *See also McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014) (stating that in the absence of any competent evidence that the agency acted in bad faith or that the agency records exist, "the averments in [an agency's] affidavits should be accepted as true"). As our discussion of the two affidavits submitted in Requester's appeal makes clear, both affidavits are detailed and nonconclusory, and there is no evidence that they were not submitted in good faith. Here, the OAG submitted attestations sufficient to demonstrate that the OAG does not have jurisdiction over Requester's complaints against the Township, that no investigation was conducted, and therefore the records Requester requested

11

pursuant to the RTKL do not exist. Thus, the OAG Appeals Officer properly denied Requester's Appeal from OAG's denial of the Request.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Lynch,  :
        Petitioner  :
          :
        v.  :   No. 1683 C.D. 2024
          :
Office of Attorney General,  :
        Respondent  :

## ***ORDER***

      AND NOW, this 16th day of April, 2026, the final determination of the Office of Attorney General's Appeals Officer, dated November 21, 2024, is hereby AFFIRMED.

                           _____
                           PATRICIA A. McCULLOUGH, Judge