# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia District Attorney's    :
Office,                              :
                    Appellant       :
                                    :
        v.                          : No. 1284 C.D. 2016
                                    : Submitted: February 24, 2017
Timothy Cwiek                       :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


**OPINION BY JUDGE BROBSON**          **FILED:  September 6, 2017**


Since October 2009, Timothy Cwiek (Requester)[1] has made repeated requests to the Philadelphia District Attorney's Office (DAO) for a copy of Computer Assisted Dispatch (CAD)[2] records pertaining to a vehicle stop initiated by Officer Elizabeth (Skala) DiDonato on December 22, 2002.  Prior to lodging his first Right to Know Law[3] request with the DAO, Requester had obtained a redacted copy of the CAD record for the stop from another source (Redacted CAD).  He attached the Redacted CAD to his first request, seeking a "more complete version" from the DAO.

---

[1] The Pennsylvania Newsmedia Association (PNA) filed an amicus curiae brief in support of Requester's position.

[2] A CAD system sends to emergency response vehicles electronic messages, which include information such as the location of the call, the time the call was initiated, and the type of incident.

[3] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-.3104.

The instant appeal concerns Requester's fourth request to the DAO relating to the Redacted CAD, coupled with a request that the DAO certify copies of responsive records pursuant to Section 904 of the RTKL, 65 P.S. § 67.904, which provides: "If an agency's response grants a request for access, the agency shall, upon request, provide the requester with a *certified copy* of the record if the requester pays the applicable fees . . . ." (Emphasis added.) The DAO denied the request, explaining that it did not have any responsive records. Requester appealed to the Office of Open Records (OOR). On August 14, 2015, the OOR issued a final determination, denying Requester's appeal to the extent that it claimed the DAO possessed responsive records other than the Redacted CAD, which Requester provided to the DAO in his initial October 2009 request and his second request in August 2013. The OOR ordered the DAO to provide Requester a certified copy of the Redacted CAD under Section 904 of the RTKL.

The DAO appealed to the Court of Common Pleas of Philadelphia County (common pleas). By order dated June 20, 2016, common pleas affirmed the decision of the OOR, requiring the DAO to certify the Redacted CAD. Common pleas, however, concluded that a February 26, 2015 unsworn declaration by then-Chief of the Civil Litigation Unit for the Office (2015 Declaration), "is sufficient 'certification' for the purposes of this [o]rder." (Reproduced Record (R.R.) at 9a.) The 2015 Declaration provides, in pertinent part:

> 2. I have searched for any and all Computer Assisted Dispatch ("CAD") records for a December 22, 2002 vehicle stop, enumerated in police records as D.C. No. 02-06-076378 ("Vehicle Stop 378"), which vehicle stop involved Police Officer Elizabeth Skala.
>
> 3. I have personally searched all civil, administrative and criminal files at the DAO that hold records pertaining to the homicide of Robert G. Morris,

2

also known as Nizah Morris, ("the DAO Files") for these materials. My search of the DAO's Files was done under both names.

4. All that I was able to locate in the DAO's Files was a partial CAD record for Vehicle Stop 378. That partial record of Vehicle Stop 378 that the DAO has *is an incomplete record that was provided to the DAO in 2013 by Timothy Cwiek, through his then[-]counsel.* That partial record is included at the top of the page attached hereto.

5. I was unable to locate a complete CAD record for Vehicle Stop 378 in the DAO's files or any other CAD records relating to Vehicle Stop 378.

(*Id.* at 24a (emphasis added).)

On appeal to this Court from common pleas' June 20, 2016 order,[4] the DAO argues that common pleas committed an error of law by requiring it to certify the Redacted CAD and by concluding that the 2015 Declaration constituted a certification under Section 904 of the RTKL. Specifically, the DAO argues that the RTKL does not require it to certify the Redacted CAD because it is not the agency that is "the custodian of the original record that documents its own activities and business." (DAO's Br. at 13.) With respect to the 2015 Declaration, the DAO contends that the document was not intended to authenticate the Redacted CAD—a photocopy that Requester provided to the DAO. In response, Requester, proceeding *pro se*, focuses mainly on his lingering concerns that the

---

[4] This Court's review in a statutory appeal is "limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision." *Piasecki v. Dep't of Transp., Bureau of Driver Licensing*, 6 A.3d 1067, 1070 n.7 (Pa. Cmwlth. 2010). The scope of review for a question of law under the RTKL is plenary. *Ali v. Phila. City Planning Comm'n*, 125 A.3d 92, 94 n.2 (Pa. Cmwlth. 2015).

3

DAO did not perform a "good faith" search for responsive records, particularly for a complete CAD record for the vehicle stop at issue. (Requester Br. at 18-25.) Although unclear, he appears to be concerned about what a reversal of common pleas' decision would mean with respect to the attestation by the DAO's representative in the 2015 Declaration that the DAO does not have a complete CAD record of the vehicle stop in question. In other words, it appears that Requester is less concerned about certification of the Redacted CAD under Section 904 of the RTKL than he is about the DAO's "certification" that it has conducted an exhaustive search for the complete CAD record without success.[5]

With respect to Section 904 of the RTKL and the obligation of agencies to provide certified copies of responsive records upon request and payment of any applicable fee, the RTKL does not define the term "certified copy" and we find no guidance in binding precedent on what an agency certifies when it provides a "certified copy" of a responsive record under the RTKL. In its opinion, common pleas concluded that "'certification' of a document generally indicates that the document is true, correct[,] or genuine and, essentially, that the document is what it purports to be. . . . With regard to a CAD report, . . . the DAO does not generate this record as part of its regular business activities nor does it typically have any legal responsibility to retain such [a] document." (R.R. at 12a.) Common pleas went on to reason, however, that because the Philadelphia Police Department, which is the entity that would normally create and retain CAD

---

[5] Amicus PNA urges the Court to recognize the mandatory obligation of agencies under Section 904 of the RTKL to provide certified copies of responsive records upon request and payment of any applicable fees.

4

reports, did not retain a complete copy of the requested CAD report, the DAO takes on a responsibility to certify the authenticity of the record. We disagree.

On its official website, the OOR interprets the term "certified copies" as follows:

> While the RTKL does not define the term "certified copies," the OOR interprets the term to mean copies of records that are self-authenticating documents under the Pennsylvania Rules of Evidence. *See* Pa. R.E. Rule 902 (relating to evidence that is self-authenticating); 42 Pa. C.S. § 6104 (relating to the effect of official records). Self-authenticating means that the party submitting the certified copies of records during a trial does not have to present witnesses testifying that the records presented are, in fact, true and correct copies of agency records. The Pennsylvania Rules of Evidence and the Judicial Code provide steps that an agency must [] follow[] in order to certify copies of its records. *See* Pa. R.E. Rule 902 (relating to evidence that is self-authenticating); 42 Pa. C.S. § 6103 (relating to proof of official records).

(OOR, Certification Form Explanation.[6]) Pennsylvania Rule of Evidence 902(4) provides that copies of public records are self-authenticating if certified by the records custodian or another person so authorized. Pa. R.E. 902(4); *see PHH Mortg. Corp. v. Powell*, 100 A.3d 611, 619 (Pa. Super. 2014) (explaining that self-authenticating record is treated as if it had been "properly authenticated by laying a foundation sufficient to show that it is a fair and accurate representation of what it is purported to depict, including by testimony from a witness who has knowledge of what the evidence is proclaimed to be."); *see also Adams Outdoor Advertising, Ltd. v. Dep't of Transp.*, 860 A.2d 600, 607 n.10 (Pa. Cmwlth. 2004),

---

[6] Available at http://www.openrecords.pa.gov/documents/RTKL/FormCertification.pdf, last visited May 17, 2017.

*appeal denied*, 887 A.2d 1242 (Pa. 2005) (noting that document under official seal need not be otherwise authenticated). Section 6103 of the Judicial Code, 42 Pa. C.S. § 6103, provides: "An official record kept within this Commonwealth by any . . . government unit . . . may be evidenced by . . . a copy attested by the officer having the legal custody of the record, or by that officer's deputy, and accompanied by a certificate that the officer has the custody." 42 Pa. C.S. § 6103; *see Rawson v. Dep't of Transp., Bureau of Driver Licensing*, 99 A.3d 143, 150 (Pa. Cmwlth. 2014) (holding that Department of Transportation meets burden for license suspension "by submitting into evidence certified record of conviction demonstrating the offense underlying the conviction.")

Consistent with Pennsylvania courts' interpretation of Pa. R.E. 902(4)(e) and Section 6103 of the Judicial Code and considering OOR's informal interpretation of Section 904 of the RTKL on its website, we conclude that a "certified copy" of a responsive record under the RTKL is more than simply the agency's records officer's attestation that he or she has made a true and correct copy of a document in an agency's possession. Instead, it verifies the authenticity of the document for purposes of admitting the record as evidence during pending or future litigation. *See Butler v. Dauphin Cnty. District Attorney's Office*, 163 A.3d 1139, 1145 (Pa. Cmwlth. 2017) ("This RTKL certification is equivalent to certifying copies for admission into evidence; stated differently, the agency is certifying as to the authenticity of the copies being provided."). Our review of the 2015 Declaration compels us to conclude that the document does not include any language that meets this standard for certification. Accordingly, we reverse that portion of the common pleas' decision holding that the 2015 Declaration was adequate for purposes of compliance with Section 904 of the RTKL.

6

Addressing Requester's concerns, we note that the above conclusion does not diminish the value of the 2015 Declaration for purposes of Requester's RTKL request. Rather than certify that the Redacted CAD is authentic, the purpose and effect of the 2015 Declaration is to affirm, under penalty of perjury, that the DAO conducted a good faith search for records responsive to Requester's RTKL request(s) and that other than the Redacted CAD Requester provided to the DAO, no other responsive documents exist within the DAO's possession or control. Requester's suggestions in his brief to the contrary notwithstanding, the 2015 Declaration clearly provides that the declarant searched for but was ultimately unsuccessful in locating a complete CAD record for the vehicle stop in question. To the extent that Requester suggests in his brief that the DAO falsified the 2015 Declaration or otherwise failed to conduct a proper search pursuant to the RTKL, Requester did not raise such arguments before common pleas or the OOR, and, thus, those arguments are waived on appeal. *See East Stroudsburg Univ. Found. v. Office of Open Records*, 995 A.2d 496, 501 n.9 (Pa. Cmwlth. 2010), *appeal denied*, 20 A.3d 490 (Pa. 2011). Furthermore, Requester did not cross-appeal, arguing that the OOR erred in determining that no other responsive records exist and, thus, Requester has likewise waived the issue of whether the OOR erred in determining that the Redacted CAD was the only relevant record in the DAO's possession. *See id.*

Having concluded that the 2015 Declaration is not an adequate certification for purposes of Section 904 of the RTKL, we turn to the DAO's contention that both the OOR and common pleas erred in holding that the DAO must certify the Redacted CAD under Section 904 of the RTKL. The DAO asserts that it cannot certify the Redacted CAD because the DAO did not create the record

7

and, thus, could not verify the authenticity of the document.  Instead, the record is something that Requester provided to the DAO though the RTKL process, representing it to the DAO as a redacted version of an original and complete document that Requester received from another source.  We have clearly held that the RTKL does not require a Commonwealth agency to create records to answer a request or to compile, maintain, format, or organize a record in a manner in which the agency does not currently compile, maintain, format, or organize the record. *Paint Twp. v. Clark*, 109 A.3d 796, 805 (Pa. Cmwlth. 2015).  Concomitantly, it is clearly beyond the requirements set forth in the RTKL to force an agency to investigate the authenticity of a document that purportedly originates from a separate agency not under its supervision or control and that the agency only possesses by virtue of a RTKL request.  In short, Section 904 of the RTKL cannot be used by a requester to compel Agency 1 to certify the authenticity of Agency 2's record simply by attaching Agency 2's record to the RTKL request addressed to Agency 1.

Like many RTKL disputes, resolving the remaining issue in this case requires the Court to consider the threshold question of whether the Redacted CAD meets the definition of a "public record" under the RTKL.  To establish that sought-after information is a public record, the requestor must meet a two-part test:  (1) the information must document a transaction or activity of the agency, and (2) the information must be created, received, or retained in connection with the activity of the agency.  *Pa. Office of Atty. Gen. v. Philadelphia Inquirer*, 127 A.3d 57, 60-61 (Pa. Cmwlth. 2015) (*Philadelphia Inquirer*).  Here, the Redacted CAD purports to document an activity of the Philadelphia Police Department, or its officers, but not of the DAO, its agents, or its employees.

8

Moreover, there is no finding by the OOR, let alone any evidence in the record, to support the notion that the DAO possessed the Redacted CAD independently of Requester's RTKL filings. Indeed, the 2015 Declaration provides otherwise.

In what appears to this Court to be a somewhat wasteful exercise, however, the OOR compelled the DAO to produce an attachment to Requester's prior RTKL requests in response to Requester's fourth effort to secure a full and complete copy of a CAD record for the disputed vehicle stop on December 22, 2002. While, for the reasons set forth above, the Redacted CAD is not independently a record of the DAO, it is *part* of a record of the DAO because it is part of two RTKL requests submitted to the DAO—the first on October 1, 2009, and the second on August 16, 2013. Both Commonwealth and local agencies have a statutory duty to respond to RTKL requests directed to them. Section 901 of the RTKL, 65 P.S. § 67.901. Thus, RTKL requests and the responses thereto document an activity of an agency and meet the definition of a "public record" under the RTKL.

The DAO has not challenged the OOR's determination that the Redacted CAD must be produced by DAO in response to Requester's fourth request. Section 904 of the RTKL requires an agency to provide certified copies of responsive records upon request and payment of applicable fees. We, therefore, agree with common pleas and the OOR that, upon payment of applicable fees, DAO must provide Requester with a certified copy of the Redacted CAD. The DAO's reluctance to certify as authentic the Redacted CAD in isolation, however, is well-taken for the reasons explained above. Those reasons, however, cannot excuse an agency from complying with Section 904 of the RTKL. Instead, we note that the RTKL does not compel an agency to certify a copy of only part of a

9

record as authentic, particularly where doing so could be misleading or, worse, inaccurate. Similarly, we do not read the OOR's final determination as compelling the DAO to provide a misleading or inaccurate certification under Section 904 of the RTKL. If the DAO cannot certify as authentic a copy of the Redacted CAD in isolation, the DAO may certify a copy of the entire record (or records) of which the Redacted CAD is a part—*i.e.,* Requester's prior RTKL requests.[7] This context will ensure that the certification is not misleading or inaccurate and will satisfy the agency's obligation under Section 904 of the RTKL.

Accordingly, we affirm, in part, and reverse, in part, common pleas' order. The order is affirmed to the extent that it affirmed the final determination of the OOR. The portion of the order in which common pleas held that the 2015 Declaration satisfies the certification requirement of Section 904 of the RTKL is reversed.

_____
P. KEVIN BROBSON, Judge

---

[7] We see no impediment to the DAO's ability to certify as authentic copies of Requester's prior RTKL requests.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia District Attorney's     :
Office,                                 :
                   Appellant     :
                                 :
          v.               :   No. 1284 C.D. 2016
                                 :
Timothy Cwiek               :

# **O R D E R**

AND NOW, this 6th day of September, 2017, the order of the Court of Common Pleas of Philadelphia County, dated June 20, 2016, is AFFIRMED, in part, and REVERSED, in part, in accordance with the attached Opinion.

_____
P. KEVIN BROBSON, Judge
