IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Appeal of James Glover | : | |
| | : | |
| | : | No. 1734 C.D. 2024 |
| Appeal of: James Glover | : | Submitted: March 3, 2026 |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                          FILED:  April 13, 2026

James Glover (Glover),[1] pro se, appeals from the Philadelphia County Common Pleas Court's (trial court) November 19, 2024 order (entered November 20, 2024) dismissing his pro se statutory appeal (Statutory Appeal) as frivolous pursuant to Pennsylvania Rule of Civil Procedure (Rule) 240(j)(1), Pa.R.Civ.P. 240(j)(1).  The only issue before this Court is whether the trial court properly dismissed Glover's Statutory Appeal as frivolous.  After review, this Court affirms.

On August 19, 2024, Glover submitted a request (August 19 Request) under the Right to Know Law[2] (RTKL) to the Southeastern Pennsylvania Transportation Authority (SEPTA) and/or the SEPTA Transit Police Department (collectively, SEPTA) seeking

> to inspect the public records [already] provided to []
> Glover, who submitted an [earlier request pursuant to the

---

[1] Glover also named Shakur Capital, LLC as an appellant in his Notice of Appeal to the trial court, *see* Supplemental Reproduced Record at 55b, and in his Notice of Appeal to this Court. However, neither the Office of Open Records in its Final Determination nor the trial court in its opinion and order rendered a decision with respect to Shakur Capital, LLC.  Accordingly, Shakur Capital, LLC is not an appellant before this Court.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

Act of July 7, 2017, P.L. 304, No. 22 (Act 22)[3]] that was granted, thereby creating a public record. [Glover] would like to inspect the provided [digital versatile disc (]DVD[)] record/videos in person or electronically via Zoom or a share file link, with an in-person inspection being [Glover's] preferred option. [Glover] may also request a digital copy of the public record later via a share file link.

Supplemental Reproduced Record (S.R.R.) at 6b. On August 20, 2024, Glover submitted another RTKL request (August 20 Request) seeking "a copy of the video footage provided to [] Glover by SEPTA [] on August 16, 2023, at 3:53p[.]m. This footage was granted under an Act 22 request, which now classifies it as a public record under the [RTKL]." S.R.R. at 7b. On August 21, 2024, SEPTA's counsel invoked the agency's right to a 30-day extension pursuant to Section 902 of the RTKL, 65 P.S. § 67.902.

On September 24, 2024, SEPTA denied Glover's August 19 Request. SEPTA's September 24, 2024 response informed Glover:

> Your request to inspect the body worn camera footage that was provided to you by SEPTA [] is denied in accordance with [Act 22]. More specifically, [Act 22] provides, in part, that "[t]he provisions of this chapter, and not . . . the [RTKL] shall apply to any audio recording or video recording made by a law enforcement agency . . . ." *See* 42 Pa.C.S. § 67A02. Section [3 of Act 22, 42 Pa.C.S. § 67A03], details the specific procedure for the manner in which body worn camera footage is to be requested. Because body worn camera footage is not subject to the [RTKL], your request to inspect such footage under the RTKL is denied.
>
> Any request related to body worn camera footage should be directed to SEPTA [].
>
> Section 1101(a)(1) of the RTKL[, 65 P.S. § 67.1101,] states:

---

[3] Act 22 amended the Judicial Code, 42 Pa.C.S. §§ 101-9914, by adding Chapter 67A, 42 Pa.C.S. §§ 67A01-67A09.

> If a written request for access to a record is denied or deemed denied, the requester may file an appeal with the Office of Open Records [(OOR)] or judicial, legislative[,] or other appeals officer designated under [S]ection 503(d) [of the RTKL, 65 P.S. § 67.503(d),] within 15 business days of the mailing date of the agency's response or within 15 business days of a deemed denial. The appeal shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall address any grounds stated by the agency for delaying or denying the request.

S.R.R. at 12b. On September 24, 2024, SEPTA's counsel also denied Glover's August 20 Request on similar grounds.

On October 13, 2024, Glover appealed from both denials to the OOR. On October 16, 2024, the OOR issued a Final Determination that dismissed Glover's appeal, declaring therein:

> **The OOR lacks jurisdiction**. The appeal involves two requests for body worn camera footage of a [SEPTA] Police Department officer, which [Glover] alleges was released pursuant to Act 22 . . . . The [RTKL] does not apply to audio and video recordings made by a law enforcement agency; rather, there is a separate procedure governing access to these records. Further, any appeals are to be filed "in the court of common pleas with jurisdiction." [Section 67A06 of Act 22,] 42 Pa.C.S. § 67A06. Therefore, the OOR does not have jurisdiction over this appeal.
>
> For this reason, SEPTA is not required to take any further action. Within [30] days of the mailing date of this Final Determination, you may appeal or petition for review with the Commonwealth Court.

S.R.R. at 44b (citation omitted; underline emphasis added).

3

On October 16, 2024, Glover requested reconsideration, reasoning, in part, that the video footage was subject to the RTKL because it had been previously produced to him in response to his Act 22 request, and, upon its production, it became a public record. On October 22, 2024, the OOR denied Glover's reconsideration request (Denial of Reconsideration), stating that "[t]he Request sought video footage that must be obtained under Act 22, as set forth in the Final Determination. There is no support for the proposition that the [RTKL] applies instead of Act 22." S.R.R. at 48b.

On November 14, 2024, Glover filed the Statutory Appeal from the OOR's October 16, 2024 Final Determination and October 22, 2024 Denial of Reconsideration to the trial court, and also filed a motion to proceed *in forma pauperis*. By November 19, 2024 order, the trial court dismissed Glover's Statutory Appeal pursuant to Rule 240(j)(1),[4] concluding that the Statutory Appeal failed to state a claim upon which relief can be granted. Glover appealed to this Court.[5]

---

[4] Rule 240(j)(1) states:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

> Note: A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319[, 325] . . . (1989).

Pa.R.Civ.P. 240(j)(1).

[5] This Court's review in a statutory appeal is "limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision." *Piasecki v. Dep't of Transp., Bureau of Driver Licensing*, 6 A.3d 1067, 1070 n.7 (Pa. Cmwlth.

4

On March 12, 2025, the trial court filed an opinion in support of its order. Therein, the trial court explained:

> [T]he trial court properly dismissed Glover's statutory appeal because it lacks jurisdiction to hear the appeal. Glover filed an appeal of the OOR's Final Determination and [Denial of R]econsideration in the [trial court]. Once [the] OOR issued its [F]inal [D]etermination, Glover had 30 days from the mail date of the [F]inal [D]etermination, which was October 16, 2024, to file an appeal with the Commonwealth Court. Glover failed to file his [Statutory A]ppeal of the OOR's Final Determination and [Denial of R]econsideration with the proper court. Glover was notified by the OOR by letter with a mail date of October 16, 2024[,] that (1) the OOR lacked jurisdiction regarding his request for body worn camera footage because the request should be made under A[ct] 22, and (2) that Glover had 30 days to file an appeal of [the] OOR's Final Determination with the Commonwealth Court. Although filed within 30 days from the OOR's Final Determination, Glover's [Statutory A]ppeal was filed in the [trial court], which does not have the statutory authority to entertain an appeal of the OOR's Final Determination.
>
> Glover failed to follow the proper procedure for making a request for body[-worn] camera footage as set forth in [Act 22,] which would have provided the [trial court] jurisdiction to hear the denial of the A[ct] 22 request. Glover failed to make a direct request to the law enforcement agency that made the recording, and upon denial, Glover failed to file an appeal of the agency's denial in the [trial court]. Instead, Glover filed [the Statutory A]ppeal of the OOR's Final Determination and [Denial of R]econsideration under the RTKL, for which the court of common pleas lacks jurisdiction. Consequently, Glover appealed the trial court's November 19, 2024 order dismissing his [S]tatutory [A]ppeal on December 19, 2024, more than 60 days after the mail date

<hr>

2010). The scope of review for a question of law under the RTKL is plenary.

*Phila. Dist. Atty's Off. v. Cwiek*, 169 A.3d 711, 714 n.4 (Pa. Cmwlth. 2017).

5

on [the] OOR's Final Determination. As such, the trial court properly dismissed Glover's action.

S.R.R. at 52b-53b.

Glover contends that the trial court erred by dismissing his Statutory Appeal as frivolous. Initially, with respect to the trial court's conclusion that it lacked jurisdiction to hear the Statutory Appeal, the trial court correctly observed that an appeal from an OOR decision is to be made to this Court pursuant to Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a). Notwithstanding,

> Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a), governs the process for handling improperly filed appeals. In pertinent part, it provides:
>
>> *If an appeal* or other matter *is taken to* or brought in *a court* or magisterial district *of this Commonwealth which does not have jurisdiction of the appeal* or other matter, *the court* or magisterial district judge *shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth*, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth . . . .
>
> *Id*. (emphasis added); *see also* [Pennsylvania Rule of Appellate Procedure 751,] Pa.R.A.P. 751 [(relating to transfers of erroneously filed appeals)].

*Pennsylvanians for Union Reform v. Ctr. Cnty. Dist. Atty's Off.*, 139 A.3d 354, 356 (Pa. Cmwlth. 2016). Accordingly, under most circumstances, the trial court would have been required to transfer the action to this Court.

However, Act 22 "provides the **exclusive** procedure for citizens to request audio or video recordings made by a law enforcement agency." *Falls Twp. v. Buckingham Twp. Police* (Pa. Cmwlth. No. 374 C.D. 2023, filed Aug. 29, 2024),

6

slip op. at 6 (emphasis added).[6]  Because Act 22, rather than the RTKL, provides the only method to obtain the materials Glover seeks, Glover's Statutory Appeal from the OOR's decision "lack[ed] an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Accordingly, a transfer to this Court would have been futile.  *See Richardson v. Pa. Dep't of Corr.*, 991 A.2d 394, 397 (Pa. Cmwlth. 2010) ("While [the] usual remedy would be to transfer to an appropriate court, [the tribunal] can refuse to transfer, in the interest of judicial economy, if [it] determine[s] that there are no circumstances under which relief could be granted.").  Therefore, this Court concludes that the trial court properly dismissed Glover's Statutory Appeal as frivolous.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[6] This Court's unreported memorandum opinions filed after January 15, 2008, may be cited "for [their] persuasive value, but not as binding precedent."  Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).  *Falls Township* is cited for its persuasive value.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of James Glover       :
                                          :
                                          :   No. 1734 C.D. 2024

Appeal of: James Glover         :

# O R D E R

AND NOW, this 13th day of April, 2026, the Philadelphia County Common Pleas Court's November 19, 2024 order (entered November 20, 2024) is affirmed.

_____
ANNE E. COVEY, Judge