IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of James Glover   :
            :
            :   No. 1735 C.D. 2024
Appeal of: James Glover    :   Submitted: March 3, 2026


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY         FILED: April 13, 2026


   James Glover (Glover),[1] pro se, appeals from the Philadelphia County Common Pleas Court's (trial court) November 15, 2024 order (entered November 19, 2024) dismissing his pro se statutory appeal (Statutory Appeal) as frivolous pursuant to Pennsylvania Rule of Civil Procedure (Rule) 240(j)(1), Pa.R.Civ.P. 240(j)(1). Glover presents two issues for this Court's review: (1) whether the trial court correctly held that the Southeastern Pennsylvania Transportation Authority (SEPTA) and/or the SEPTA Transit Police Department (collectively, SEPTA) fulfilled Glover's Act 22 request for body-worn camera (BWC) footage, given that SEPTA refused to provide the footage in Glover's requested format; and (2) whether the trial court erred by dismissing as frivolous Glover's Statutory Appeal, wherein he averred that SEPTA violated the Act of July 7, 2017, P.L. 304, No. 22 (Act 22)[2]

---

[1] Glover also named Shakur Capital, LLC as an appellant in his Notice of Appeal to this Court. However, Shakur Capital, LLC was not a named party before the trial court. Accordingly, Shakur Capital, LLC is not an appellant before this Court.

[2] Through Act 22, the General Assembly amended the Judicial Code, 42 Pa.C.S. §§ 101-9914, by adding Chapter 67A, 42 Pa.C.S. §§ 67A01-67A09.

by redacting individuals' faces from BWC footage without justification.[3]   After review, this Court vacates and remands.

On July 30, 2024, Glover submitted a request to SEPTA under Act 22 seeking

> all [BWC] footage of community activities of [Glover] from the multiple officers at the [B]road and Olney train station on [July] 18[, 20]24[,] at or around 4:45[]p[.]m[.] to 5:20 p[.]m.  The location of the camera is near the turnstiles and also past the turnstiles where the escalators are for both north and south bound trains.
>
> This request for [BWC] footage from all officers present and the camera footage that is installed [at the SEPTA] facility.  I am aware that all officers had their [BWC] turned on and I will do an axon audit trail via [the] R[ight-]T[o-]K[now] L[aw[4] (RTKL)] most likely.

Original Record (O.R.), Item No. 2 at 3.

On August 15, 2024, SEPTA emailed Glover:

> We are writing to inform you that [SEPTA] has received, processed, and completed your Act 22 . . . BWC[] video request.
>
> In compliance with privacy regulations, we have blurred the images of our passengers to the best of our ability.  As permitted by law, a fee of [fifty] dollars ($50[.00]) is required to be paid to SEPTA prior to the electronic delivery of the BWC footage.  We will accept payment in the form of cash, check, or money order made out to SEPTA.

O.R., Item No. 2 at 8.

---

[3] In his Statement of the Questions Involved, Glover presented an additional issue for this Court's review: whether the trial court erred by dismissing the appeal as frivolous where he submitted a procedurally proper request under Act 22 based on a colorable legal theory.  *See* Glover Br. at 4.  This issue is subsumed in the analysis of the above-stated issues and will be addressed accordingly herein.

[4] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

Glover responded:

> Thank you for granting my request. However, I would like to understand why the faces of the citizens walking by are being blurred. I kindly request that the blur be removed. I already have video surveillance footage obtained through a[n] [RTKL] request of these same citizens, and there is no privacy issue, as they were in a public space where there is no expectation of privacy.
>
> If the blurring contributed to the $50[.00] charge, I ask that the fee be reduced. As a community activist, I would like to emphasize that the blurring of video is not required by law in this context. While video footage can be blurred for specific reasons, it is not necessary to blur the faces of citizens captured on a [BWC] while they are in public.
>
> According to Act 22 . . . , redaction or blurring of video is required only under certain circumstances, such as when minors, victims of crimes, or certain sensitive information are involved. In this case, none of these apply, so the blurring was not mandated by law.

O.R., Item No. 2 at 8.

On August 15, 2024, SEPTA replied, "You have the guidelines of our fulfillment. You have a right to appeal." *Id*. On August 16, 2024, Glover paid the $50.00 fee and SEPTA provided him with a DVD containing the BWC footage. On August 17, 2024, Glover contacted SEPTA to inquire into whether SEPTA could provide the subject video in a different format, as he was having issues accessing it on the DVD that SEPTA produced. In response, SEPTA indicated that the files it provided to Glover on the DVD were MP4 files, which was the "standard" format, "optimized for typical usage." O.R., Item No. 2 at 18. SEPTA further informed Glover that the MP4 files on the DVD would be accessible via a computer rather than a DVD player.

On September 14, 2024, Glover filed the Statutory Appeal to the trial court, along with a motion to proceed *in forma pauperis*. On November 19, 2024,

3

the trial court dismissed Glover's Statutory Appeal pursuant to Rule 240(j)(1),[5] because he failed to state a claim upon which relief could be granted. Glover appealed to this Court.[6] On April 17, 2025, the trial court filed an opinion in support of its order.

Glover first argues that SEPTA's computer platform allows secure digital video sharing and its refusal to deliver footage via ShareFile or similar digital methods violates RTKL transparency principles. Glover contends: SEPTA's computer supports secure digital transmission; Act 22 does not bar digital delivery; and SEPTA's refusal to provide a digital format is unreasonable and contrary to the efficiency and transparency purposes of the statute.

SEPTA rejoins that it provided the BWC footage in the manner in which it is stored and that is all that Act 22 requires. This Court has held: "[U]nder the RTKL and our case law, agencies must only produce database information in the

---

[5] Rule 240(j)(1) states:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.
>
> > Note: A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319[, 325] . . . (1989).

Pa.R.Civ.P. 240(j)(1).

[6] This Court's review in a statutory appeal is "limited to determining whether findings of fact are supported by [substantial] evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision." *Piasecki v. Dep't of Transp., Bureau of Driver Licensing*, 6 A.3d 1067, 1070 n.7 (Pa. Cmwlth. 2010). The scope of review for a question of law under the RTKL is plenary.

*Phila. Dist. Atty's Off. v. Cwiek*, 169 A.3d 711, 714 n.4 (Pa. Cmwlth. 2017).

4

format that is available to the agency and they are not required to produce the database information in a format specifically requested or in a format that does not exist." *Feldman v. Pa. Comm'n on Crime & Delinq.*, 208 A.3d 167, 174 (Pa. Cmwlth. 2019). Because SEPTA provided the BWC footage in the format in which it was stored, a DVD, Glover's argument is meritless.

Glover next contends that the trial court erred by dismissing his Statutory Appeal where Act 22 permits BWC footage redactions only where disclosure would threaten public safety or where victims/witnesses are depicted, and SEPTA did not meet those criteria.

> Act 22 provides a means for citizens to request audio or video recordings made by a law enforcement agency.[7] [Section 67A02 of Act 22,] 42 Pa.C.S. § 67A02. Upon receipt of an Act 22 request, the law enforcement agency **shall provide the recording unless** it determines that it contains **potential evidence in a criminal matter**, that the **information related to an investigation**, or that reasonable **redaction** of the recording **would not safeguard the evidence or information**. *See* [Section 67A04(a) of Act 22,] 42 Pa. C.S. § 67A04(a).

*Martinez v. City of Reading Police Dep't*, 289 A.3d 1136, 1139-40 (Pa. Cmwlth. 2023) (footnote omitted; emphasis added).

Section 67A05 of Act 22 provides, in relevant part:

> **(a) Disclosure.**—A law enforcement agency that receives a request under [S]ection 67A03 [of Act 22, 42 Pa.C.S. § 67A03] (relating to requests for law enforcement audio recordings or video recordings) for an audio recording or

---

7     Act 22 serves a similar purpose to the RTKL, which is remedial in nature and "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Pa. State Police v. McGill*, 83 A.3d 476, 479 (Pa. Cmwlth. 2014) (*en banc*).

*Martinez v. City of Reading Police Dep't*, 289 A.3d 1136, 1139 n.16 (Pa. Cmwlth. 2023).

5

video recording shall provide the audio recording or video recording or identify in writing the basis for denying the request within 30 days of receiving the request, unless the requester and law enforcement agency agree to a longer time period. . . .

**(b) Denials by operation of law.**—The request under [S]ection 67A03 [of Act 22] shall be deemed denied by operation of law if the law enforcement agency does not provide the audio recording or video recording to the requester or explain why the request is denied within the time period specified or agreed to under subsection (a).

42 Pa.C.S. § 67A05.

This Court has explained:

If a request is denied, the requester may file a petition for judicial review in the court of common pleas. [Section 67A06 of Act 22,] 42 Pa. C.S. § 67A06.

The common pleas court may grant the petition if it determines that the petitioner has established two elements by a preponderance of the evidence. First, the petitioner must establish that the denial was not to safeguard criminal evidence, or information related to an investigation, or that such justification was arbitrary or capricious. *Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 183 n.13 (Pa. Cmwlth. 2019); 42 Pa. C.S. §§ 67A04, 67A06(e). Second, the petitioner must establish that "[t]he public interest in disclosure of the audio recording or video recording or the interest of the petitioner outweighs the interests of the Commonwealth, the law enforcement agency or an individual's interest in nondisclosure." *Borough of Pottstown*, 202 A.3d at 183 n.13 (quoting 42 Pa. C.S. § 67A06(e)(2)).

*Martinez*, 289 A.3d at 1140.

The trial court below did not address whether Glover had established the required elements. Rather, the trial court dismissed Glover's appeal on the basis that it "lacked an arguable basis in law or fact because Glover's request was fulfilled, not denied." O.R., Item No. 14 at 3. The trial court reasoned:

6

On July 31, 2024, Glover submitted an Act 22 request form to SEPTA's open record officer seeking BWC video from SEPTA police officers present on July 18, 2024, at the Board [sic] and Olney subway station and the camera footage by turnstiles near the cashier's booth. Glover's Act 22 request form indicated that he is a community activist who spoke to officers on July 18, 2024, to ask about a sign that provides notice of items prohibited by SEPTA. SEPTA responded to Glover's request with[in] 15 days, less than required under [Section] 67A05(a) [of Act 22], and provided the BWC video and camera footage as requested. The video redacted the faces of private citizens, none of whom were related, involved or referred to in Glover's Act 22 request.

SEPTA complied with procedures set forth in [Section 67A05(a) of Act 22] in satisfying Glover's request by providing the video or to issue a denial within 30 days. SEPTA responded and fulfilled Glover's request within 15 days. . . . SEPTA never issued a denial of the requested BWC video, camera footage, nor denied Glover an opportunity to view the records at SEPTA headquarters. Indeed, SEPTA fulfilled Glover's request for BWC video related to his interaction with SEPTA police regarding a notice of prohibited items and camera footage next to the cashier['s] booth, as set forth in Glover's Act 22 request. As such, the trial court properly dismissed Glover's action as moot, as SEPTA did not deny but fulfilled Glover's Act 22 request within 30 days.

O.R., Item No. 14 at 3-4.

Under analogous circumstances under the RTKL, this Court found that redaction of documents "constituted a partial denial of [a r]equester's request." *Bowling v. Off. of Open Recs.*, 990 A.2d 813, 817 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013). Here, the trial court should have deemed SEPTA's redactions a partial denial and considered whether Glover established that "the denial was not to safeguard criminal evidence, or information related to an investigation, or that such justification was arbitrary or capricious[,]" and whether the public's interest or Glover's interests outweigh the Commonwealth's, SEPTA's or an individual's

7

interests in nondisclosure. *Martinez*, 289 A.3d at 1140. The trial court did not do so. Therefore, this Court vacates the trial court's order and remands this matter to the trial court.

For all of the above reasons, the trial court's November 15, 2024 order (entered November 19, 2024) is vacated, and the matter is remanded to the trial court for further proceedings consistent with this Opinion.

_____
ANNE E. COVEY, Judge

In re: Appeal of James Glover       :
                                  :
                                  :   No. 1735 C.D. 2024

Appeal of: James Glover           :

## O R D E R

AND NOW, this 13th day of April, 2026, the Philadelphia County Common Pleas Court's (trial court) November 15, 2024 order (entered November 19, 2024) is vacated, and this matter is remanded to the trial court for further proceedings consistent with this Opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge